UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| DIANA L. LITTLE, | ) |
| | ) |
|       Plaintiff, | )   Case No. 1:06-cv-455 |
| | ) |
| v. | )   Honorable Robert Holmes Bell |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | )   **MEMORANDUM OPINION** |
|       Defendant. | ) |
| _____ | ) |

      This was a social security action brought under 42 U.S.C. § 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for supplemental security income (SSI) benefits. On December 15, 2006, the court entered a judgment, pursuant to the stipulation of the parties, reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Judgment, docket # 13). On March 15, 2007, the last day it was possible to file a timely application, plaintiff filed a motion requesting an award of $2,405.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 14).[1] Defendant elected not to file a response to plaintiff's motion. Upon review, plaintiff's motion will be granted in part and

---

[1] The judgment remanding this matter to the Commissioner did not become a "final judgment" within the meaning of the EAJA until February 13, 2007, when the government's sixty-day period within which to appeal the judgment expired. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Marshall v. Commissioner*, 444 F.3d 837, 842 n. 3 (6th Cir. 2006); *Townsend v. Commissioner*, 415 F.3d 578, 581 (6th Cir. 2005). The application was filed "within thirty days of final judgment" as required by statute. 28 U.S.C. § 2412(d)(1)(B); *see Townsend*, 415 F.3d at 581.

denied in part, and judgment will be entered in plaintiff's favor against defendant in the amount of $1,850.00.

## Discussion

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). The court finds that plaintiff is entitled to an award of attorney's fees under the EAJA.

The Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). Plaintiff's attorney has provided a sworn statement indicating that he spent 14.8 hours representing

plaintiff in this matter.  The services provided and the hours expended are explained in detail in plaintiff's Exhibit A .  Upon review, the court finds that the 14.8 hours expended is reasonable for the services counsel performed.

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour.  28 U.S.C. § 2412(d)(2)(A).  "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986)  Plaintiff seeks to recover at a rate of $162.50 per hour, significantly above the statutory cap.   The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *accord Martin v. Commissioner*, 82 F. App'x 453, 456 (6th Cir. 2003)("This Court [] finds that the  rate of $125 per hour, as set by statute, should apply in this case, notwithstanding [plaintiff's] counsel's claim that he should be entitled to a higher rate.").  The Sixth Circuit has determined that whether a cost of living adjustment above the statutory cap is warranted is a matter committed to the district court's discretion, and that a district court generally acts well within its discretion when it declines to make such an adjustment.  *See Begley*, 966 F.2d at 199. Here, the court finds that no adjustment above the statutory cap is warranted.  The court finds that an award at the maximum hourly rate provides adequate and appropriate compensation for the work performed in this matter by plaintiff's  experienced attorney, and that no special factor warrants a rate in excess of $125 per hour.  Multiplying the 14.8 hours reasonably expended by counsel and the

$125 per hour rate results in a $1,850.00 total. The court finds that plaintiff is entitled to an award of EAJA attorney's fees in the amount of $1,850.00.

Paragraph 1 of the application states that plaintiff herself is applying for EAJA attorney's fees. Paragraph 22, in contrast, states, "Attorney for plaintiff requests that the court grant his application for fees under the Equal Access to Justice Act . . . ." (docket # 14 at 4). An attorney cannot bring his own action for fees, but may only do so as a representative of his client. *See King v. Commissioner*, No. 06-3365, 2007 WL 930275, at * 4-6 (6th Cir. Mar. 28, 2007). This application is therefore treated as being made by plaintiff's attorney in his representative capacity. The "less-than-artful wording" of paragraph 22 has been disregarded. *See King*, 2007 WL 930275, at * 6.

Plaintiff asks that the court make the award "payable to [her] attorney, Thomas A. Geelhoed." (Plf. Affidavit and Assignment of EAJA Fee, docket # 14, attachment). The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Plaintiff is a prevailing party; her attorney is not. *See King*, 2007 WL 930275, at * 3; *Phillips v. General Servs. Admin*, 924 F.2d 1577, 1582-83 (Fed. Cir. 1991); *Panola v. Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1510-11 (11th Cir. 1988); *Reeves v. Barnhart*, 473 F. Supp. 2d 1173, 1175-76 (M.D. Fla. 2007). Judgment will be entered in plaintiff's favor against defendant.[2]

---

[2] The manner in which defendant elects to satisfy the monetary obligation created by the judgment is not properly before this court. The EAJA judgment entered is in the party's name, but "the money is not the party's to keep." *King*, 2007 WL 930275, at * 4. The money a party receives pursuant to the EAJA is to be paid to her attorney. *Id.* After all, a party cannot request an award of EAJA fees unless she is required to pay those fees to her attorney. *Id.* The Sixth Circuit's recent *King* decision suggests that defendant's check could be made "payable" to plaintiff's attorney and thereby satisfy plaintiff's judgment. *Id.* at 5. However, in the absence of express Sixth Circuit authority so holding, defendant remains free to employ more conservative payment options such as issuing a joint check payable to plaintiff and her attorney.

**Conclusion**

For the reasons set forth herein, plaintiff's motion for attorney's fees pursuant to the EAJA will be granted in part and denied in part, and judgment will be entered in plaintiff's favor against defendant in the amount of $1,850.00.


Date:   May 23, 2007                             /s/ Robert Holmes Bell
                                                 ROBERT HOLMES BELL
                                                 CHIEF UNITED STATES DISTRICT JUDGE